NO. 07-09-0200-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS
 AT AMARILLO
 PANEL B
 FEBRUARY 5, 2010
 ______________________________
 JESSE ALAN DISALVIO,
 Appellant
 v.
 THE STATE OF TEXAS,
 Appellee
 _________________________________
 FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;
 NO. 17,890-A; HON. HAL MINER, PRESIDING
 _______________________________
 Anders Opinion
 _______________________________
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Jesse Alan Disalvio (appellant) appeals an order adjudicating
him guilty of the offense of robbery. Pursuant to a plea agreement,
appellant pled guilty to the offense, and the trial court deferred the
adjudication of his guilt and placed him on community supervision for
ten years. Subsequently, the State moved the trial court to proceed
with the adjudication of appellant’s guilt. Appellant pled not true
to the alleged violations of the terms of his community supervision,
and the trial court held a hearing. Upon completion of the hearing,
the trial court adjudicated appellant guilty and sentenced him to
eight years in prison. The trial court certified that appellant had
the right to appeal.
 Appellant’s counsel has now moved to withdraw, after filing a
brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967), and representing that she has searched the
record and found no arguable grounds for reversal. The motion and
brief illustrate that appellant was informed of his right to review
the appellate record and file his own brief. So too did we inform
appellant that any pro se response or brief he cared to file had to be
filed by January 19, 2010. To date, appellant has filed no such
response or brief.
 In compliance with the principles enunciated in Anders,
appellate counsel discussed three potential areas for appeal, those
being the sufficiency of the evidence to support a conviction for
robbery, the finding he had violated conditions of his probation, and
the admission of a voice mail message to his probation officer.
However, counsel goes on to explain why the issues are without merit.

 We have also conducted an independent review of the record to
determine whether there existed reversible error and found none.
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)
(requiring us to conduct an independent review from or prior to the
plea hearing). The evidence presented at the adjudication hearing was
sufficient to support the trial court’s finding that appellant had
violated terms and conditions of his probation. Furthermore, the
punishment assessed was also within the range prescribed by law. Tex.
Penal Code Ann. §§29.02 &12.33(a) (Vernon 2003 & Supp. 2009).
 Accordingly, we grant counsel’s motion to withdraw and affirm
the judgment of the trial court.

 Brian Quinn
 Chief Justice

Do not publish.